**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number *(if known)* _____    Chapter ___11___

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy            06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| **1.** | **Debtor's name** | SASAS Hospitality, LLC | |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | | |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 71-4573716 | |

**4.    Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 4909 Oakton Street<br>Skokie, IL 60077 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Cook | **Location of principal assets, if different from principal place of business** |
| County | 5105 S. Howell Avwenue Milwaukee, WI 53207 |
| | Number, Street, City, State & ZIP Code |

**5.    Debtor's website** (URL)    _____

**6.    Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | SASAS Hospitality, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

7011

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.
☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | See Attachment | | Relationship | |
|---|---|---|---|---|---|
| | District | | When | Case number, if known | |

Debtor      SASAS Hospitality, LLC                                    Case number (if known) _____
_____
Name

---

**11. Why is the case filed in this district?**    *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**    .    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☒ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

---

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☒ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☒ $1,000,001 - $10 million
☐ $10,000,001 - $50  million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

Debtor    SASAS Hospitality, LLC _____    Case number (*if known*) _____
        Name

| | Request for Relief, Declaration, and Signatures |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    March 10, 2025
                MM / DD / YYYY

**X** /s/ Amin Amdani _____    Amin Amdani _____
    Signature of authorized representative of debtor    Printed name

Title    Managing Member _____

---

**18. Signature of attorney**

**X** /s/ Paul M. Bach _____    Date    March 10, 2025
    Signature of attorney for debtor                MM / DD / YYYY

Paul M. Bach _____
Printed name

Bach Law Offices _____
Firm name

P.O. Box 1285
Northbrook, IL 60065 _____
Number, Street, City, State & ZIP Code

Contact phone _____    Email address    paul@bachoffices.com _____

IL _____
Bar number and State

Debtor   SASAS Hospitality, LLC
_____
Name

Case number (*if known*) _____

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number (*if known*) _____   Chapter   11

☐ Check if this an amended filing

---

### FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | Palwaukee Hospitality LLC | | | Relationship to you | Similar Ownership |
| District | Northern District of Illinois | When | 7/23/25 | Case number, if known | 22-02865 |
| Debtor | Schiller Park Hospitality, LLC | | | Relationship to you | Similar Ownership |
| District | Northern District of Illinois | When | 1/31/25 | Case number, if known | 25-01447 |
| Debtor | Sophia Hospitality LLC | | | Relationship to you | Similar Ownership |
| District | Northern District of Illinois | When | 3/5/25 | Case number, if known | 25-03361 |
| Debtor | SSR Hospitality LLC | | | Relationship to you | Similar Ownership |
| District | Northern District of Illinois | When | 7/13/25 | Case number, if known | 22-02208 |
| Debtor | SSS Hospitality LLC | | | Relationship to you | Similar Ownership |
| District | Northern District of Illinois | When | 3/10/25 | Case number, if known | 25-03642 |

**Fill in this information to identify the case:**

Debtor name    SASAS Hospitality, LLC

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number (if known)

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.    Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.    18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
☐ Schedule H: Codebtors (Official Form 206H)
☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
☐ Amended Schedule _____
☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    March 10, 2025    X /s/  Amin Amdani
                                    Signature of individual signing on behalf of debtor

                                    Amin Amdani
                                    Printed name

                                    Managing Member
                                    Position or relationship to debtor

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | SASAS Hospitality, LLC | ☐ Check if this is an |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION | |
| Case number (if known): | | amended filing |

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| ALE Solutions, Inc. 190 S. 1st Street Saint Charles, IL 60174 | | | | | | $129,374.00 |
| Antolik Hospitality 874 Lakeside Drive Bartlett, IL 60103 | | | | | | $25,326.00 |
| BEST WESTERN INTERNATIONAL, INC. 6201 N 24th Parkway Phoenix, AZ 85016 | | | | | | $285,960.58 |
| Bradley Peterson 5311 S Howell Ave Milwaukee, WI 53207 | | | | | | $16,242.59 |
| City of Milwaukee 809 N. Broadway Milwaukee, WI 53202 | | | | | | $108,963.81 |
| City of Milwaukee - Water 841 N. Broadway, 3rd Fl Milwaukee, WI 53202 | | | | | | $104,707.33 |
| Commtrak Corp 17493 Nassau Commons Blvd Lewes, DE 19958 | | | | | | $10,709.46 |
| CUSA, LLC 1300 Ridenour Blvd NW Suite 200 Kennesaw, GA 30152 | | | | | | $31,278.94 |
| Gordon Food Service, Inc. 2064 Miller Park Way Milwaukee, WI 53219 | | | | | | $41,699.49 |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | SASAS Hospitality, LLC | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| HD Supply<br>3400 Cumberland Blvd SE<br>Atlanta, GA 30339 | | | | | | $30,596.61 |
| HD Supply<br>3400 Cumberland Blvd SE<br>Atlanta, GA 30339 | | | | | | $25,162.13 |
| Huntington<br>4110 N 76th St<br>Milwaukee, WI 53222 | | | | | | $29,781.61 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | | | | | | $39,403.76 |
| James Imaging Systems<br>3375 Intertech Dr<br>Brookfield, WI 53045 | | | | | | $17,101.00 |
| Medicare | | | | | | $115,616.14 |
| Reliable Water Services<br>520 S 92nd Street<br>Milwaukee, WI 53214 | | | | | | $19,172.73 |
| State of Wisconsin<br>2135 Rimrock Rd<br>Madison, WI 53713 | | | | | | $25,819.19 |
| WE Energies<br>231 W. Michigan St<br>Milwaukee, WI 53203 | | | | | | $31,340.36 |
| WE Energies<br>231 W. Michigan St<br>Milwaukee, WI 53203 | | | | | | $10,515.36 |
| Wisconsin Department of Revenue<br>2135 Romrock Rd<br>Madison, WI 53708 | | | | | | $1,032,648.00 |

Software Copyright (c) 1996-2025 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re   SASAS Hospitality, LLC

Debtor(s)

Case No. _____

Chapter   11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

☐ **FLAT FEE**

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | _____ |
| Prior to the filing of this statement I have received | $ | _____ |
| Balance Due | $ | _____ |

☒ **RETAINER**

| | | |
|---|---|---|
| For legal services, I have agreed to accept and received a retainer of | $ | 8,232.00 |
| The undersigned shall bill against the retainer at an hourly rate of | $ | 425.00 |

[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2.  The source of the compensation paid to me was:

☐ Debtor   ☒ Other (specify):   Opine Properties

3.  The source of compensation to be paid to me is:

☒ Debtor   ☐ Other (specify):

4.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
b.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

| CERTIFICATION |
|---|
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. |

_March 10, 2025_____
Date

/s/ Paul M. Bach
Paul M. Bach
*Signature of Attorney*
**Bach Law Offices**
P.O. Box 1285
Northbrook, IL 60065
Fax:
paul@bachoffices.com
*Name of law firm*



**Penelope N. Bach**

BACH LAW OFFICES

**Paul M. Bach**

## Chapter 11 Retainer Agreement

Dated: February 21, 2025

Amin Amdani
SASAS Hospitality, LLC
4909 Oakton Street
Skokie, Illinois 60077

      Re:   *Chapter 11 Bankruptcy Representation*

Dear Mr. Amdani          :

*Bach Law Offices, Inc.* ("We" or the "Firm") is honored that you have selected us to represent SASAS Hospitality, LLC ("Client") as insolvency and bankruptcy counsel. Our objective is to provide high quality legal services to SASAS Hospitality, LLC at a fair and reasonable cost. This letter ("Agreement") outlines the basis upon which we will provide legal services to SASAS Hospitality, LLC and confirms our understanding with respect to payment of legal fees, costs and expenses incurred with such representation. We apologize for the formality of this agreement, but we believe that it is important for you to have a clear understanding of our policies regarding legal fees and costs from the beginning of our relationship. Moreover, many of the provisions of this letter are required or recommended by the Illinois State Bar and the Illinois Rules of Professional Responsibility.

1.    **Scope of Services; Client Duties**. SASAS Hospitality, LLC is hiring us as attorneys to represent them as bankruptcy counsel in a Chapter 11. We will keep you informed of the progress of the case and will be available to you to answer any questions you might have. If at any time you determine that SASAS Hospitality, LLC needs to file a Chapter 7 bankruptcy case instead of the Chapter 11 case, the parties will need to execute a new fee agreement setting forth the terms of such representation. If you elect to convert the Chapter 11 case to a Chapter 7 case, then we shall be under no duty to prepare and file the necessary court papers until the new fee agreement has been signed and the agreed upon fees paid.

2.    **Assumptions under this agreement.**
   a.    You have provided all requested information.
   b.    You have provided complete and accurate information.
   c.    Your circumstances, especially your current monthly income (as defined by the Bankruptcy Code) does not substantially change prior to the filing of the case.
   d.    You will provide all requested documents within 15 days of the date of this Agreement.



3. **Retainer**. For us to begin our representation, you agree to forward a retainer in the total amount $10,000.00. The total $10,000.00 of the retainer is due prior to the Chapter 11 being filed. This retainer will be deposited in our attorney business account but we may use these funds, up to the full $10,000.00 to pay our fees and costs, subject to Court approval of any fees or costs incurred after your case is filed.

Under the 2007 Illinois Supreme Court case of Dowling v. Chicago Options Assoc., Inc. we are required to make certain disclosures to you about the retainer you would be paying pursuant to the above paragraph. The retainer is called an "Advanced Payment" Retainer. The Advance Payment Retainer means that the payments made by Client to Attorney are present payment to us in exchange for our commitment to provide legal services to you in the future. The fees paid by the Client will be deposited in our business account and not in our trust account. This means that we own the fees immediately upon payment. If our representation of Client ends before the retainer is exhausted, the retainer is subject to refund to you pursuant to the Illinois Rule of Professional Conduct.

Any unused portion of the retainer at the conclusion of our representation will be refunded to SASAS Hospitality, LLC or the party who advanced it.

4. **Legal Fees and Billing Practices**. Professional fees charged reflect a number of factors, including the number of attorney hours incurred, the relative experience of the attorney(s) performing the services, the difficulty of the matter, and the results obtained for the client. Our professional fees are determined by multiplying the actual number of hours incurred by the hourly billing rate. From time to time, our hourly billing rates will change. We will notify you of any changes in the firm's hourly rate structure. Our minimum billing unit is one-tenth of an hour, and services will be recorded and billed in tenths of an hour increments.

We will charge SASAS Hospitality, LLC for all activities undertaken in providing legal services to SASAS Hospitality, LLC under this Agreement, including but not limited to the following: conferences, including preparation and participation; preparation and review of correspondence, email and other documents; legal research and analysis; court and other appearances, including preparation and participation; and communications, including email, telephone, facsimile, in-person and other communications with you, other attorneys or persons involved with this matter, governmental agencies and any other party or person contact with whom is advisable for our representation. The legal personnel assigned to this matter may confer among themselves about the matter, as required. When they do confer, each will charge for the time expended. If more than one of our legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent only if it is necessary in our judgment to have two or more personnel at the meeting, hearing or proceeding. We charge for waiting and portal-to-portal travel time, both local and out of town.

Currently our hourly rates range from $125.00 per hour for paralegals/legal assistants to $425.00 for lawyers. SASAS Hospitality, LLC agrees to pay our fees and costs based upon our then prevailing hourly rates and charges at the time the services are rendered.


You hereby authorize the secure destruction of your file seven years after it is closed, and agree that we shall have no liability for destroying any records, documents, or exhibits still in our possession at the end of five years. All future work for SASAS Hospitality, LLC in other matters will be handled in accordance with this Agreement at our regular hourly rates unless otherwise agreed upon.

5. **Costs and Other Charges**. We will incur various costs and expenses in the normal course of performing legal services under this Agreement. Costs and expenses commonly include filing and recordation fees, court reporters' fees, computer legal research, messenger and other delivery services, postage, parking and other local travel expenses, telecopying, photocopying and other reproduction costs. You agree to pay for transportation, meals, lodging and all other costs of any necessary travel by our personnel. SASAS Hospitality, LLC will be charged the hourly rates for the time we spend traveling, both local and out of town. SASAS Hospitality, LLC also agrees to pay for charges such as expert witness fees, title insurance fees, consultant and investigator fees, and the like.

Photocopying is currently billed at $0.05 per page, and motor travel at IRS standards. The Chapter 11 filing fee is $1,717.00, which will be paid as part of the initial retainer. The firm reserves the right to require that certain costs, such as travel expenses, expert witness fees and deposition transcripts, be paid in advance directly by the client, or be paid into escrow before such costs are incurred.

6. **Billing Statements**. Once your case has been filed, we will file a motion in the Bankruptcy Court for approval of our fees for services based on time and expenses up until the date of filing the Motion. We will always send you a copy of this motion with a detailed itemization of all fees and costs incurred and the basis for the fees and costs.

Upon Court approval of these fees, we will send you an itemized statement indicating fees and costs incurred and their basis, any amounts applied from the retainer, and any current balance owed, as well as any deductions requested by the Court if any. This billing statement will list the professionals who worked on your matter for that billing period with their hourly billing rates.

Should you have any questions concerning any statement, we encourage you to discuss them with us prior to the Court date listed on the Motion for Fees so that we may have an opportunity to resolve any misunderstandings in a mutually agreeable manner.

Any fees or costs due after application of your retainer, as determined by the Court and after approval of a fee application and notice to you, must be paid promptly.

Payment of fees and costs shall be made upon receipt of orders approving fees (or, after confirmation of your plan, upon receipt of invoices therefore), with payment received in our office no later than 5 days after the date of the order or invoice.


**7.      Chapter 11 Filing.** The ultimate fees to be awarded the Firm for its representation of SASAS Hospitality, LLC in the Chapter 11 case must be approved by the Bankruptcy Court. Interim applications for compensation and reimbursement of expenses will be filed by the Firm with the Bankruptcy Court to obtain authorization for further payment. Generally, interim applications are made on a quarterly basis, but may be submitted more often.  SASAS Hospitality, LLC agrees to pay any award of compensation upon the entry of a Court order authorizing such award.

SASAS Hospitality, LLC agrees that you shall perform fully and conscientiously all the duties of a Debtor and Debtor in-Possession under the Bankruptcy Code, and shall timely comply with all reasonable requests for information or reports by the U.S. Trustee, any Creditor's Committee, and the Firm. These duties may include, but are not limited to, gathering and reviewing all of the information necessary for filing a complete and accurate list of all assets, creditors, budget, a schedule of executory contracts and unexpired leases, the Statement of Financial Affairs, and the Statement of Current Income and Expenses. You acknowledge having received a Questionnaire assisting the Firm in completing such documents, and agrees to timely, completely, and accurately complete the Questionnaire.

If during the course of the bankruptcy you wish to sell, refinance or pledge as security real property or any of your other assets, you must let us know so that we can ask the Court for approval. If you do not do this, the property or asset may not be able to be legally transferred, refinanced or pledged, which can cause significant problems both with the transaction and with your bankruptcy case. You must provide us with a copy of the listing agreement and/or contract for sale of the property before such document is signed by you.

Some debts, such as student loans, domestic support obligations (alimony, child support arrearages, etc.) and certain taxes, may not be dischargeable in your case. Liens, such as security interests, homeowner's liens and mortgages, may not released upon your confirmation, and you may need to make arrangements for the payment of such debts or surrender the property securing them after the conclusion of your case. Post-petition/pre-foreclosure homeowner's and condominium association charges are not discharged. You have been advised to close or draw down any financial account at an entity to which you owe or may owe money.

You authorize us to obtain information about your assets, credit (including credit reports), taxes, debts, income, expenses and other public and non-public information that may be used to verify and ensure the completeness of the information you provide to us. Such information may not be comprehensive or complete. It is obtained for background information and to aid our verification only. We will prepare your bankruptcy filings based upon information supplied by you. We will rely upon this information as being true, accurate, complete and correct. It is your responsibility to disclose your ownership or interest in and prior ownership or interest in all assets, regardless of value, and all debts and claims, regardless of amount. If a creditor is not listed, the debt to such creditor may not be discharged. If false, incorrect or incomplete information is included, or information is omitted, it can cause you additional effort and expense to remedy the error, may place the bankruptcy itself in jeopardy and could result in civil or criminal liability. It is vitally important that the information included in the bankruptcy schedules be complete and correct to avoid any problems. You will review all documents filed as part of your bankruptcy case, and your signature on those documents signifies that you have read and understood them, and agree with their

4



contents. In cases of joint representation of spouses, communication with one spouse will be deemed communication with both spouses. We may disclose to both spouses any facts disclosed by either spouse.

You must preserve all records and documents related in any way to this matter, including all electronic documents and data.

After your case is filed, unless otherwise instructed by this office, you must pay all taxes incurred after the date of filing (and file all necessary tax returns), maintain any required insurance, file all required monthly reports, pay quarterly U.S. Trustee fees and any adequate protection payments, and make all payments called for under your plan, once confirmed. Failure to do so may result in dismissal or conversion of your bankruptcy or sale of your property.

If during the course of the bankruptcy you wish to sell, refinance or pledge as security real property or any of your other assets, you must let us know so that we can ask the Court for approval. If you do not do this, the property or asset may not be able to be legally transferred, refinanced or pledged, which can cause significant problems both with the transaction and with your bankruptcy case. You must provide us with a copy of the listing agreement and/or contract for sale of the property before such document is signed by you.

**8.      Discharge and Withdrawal.** You may discharge us at any time and we may withdraw from your representation after approval by the Court. Reasons for our withdrawal may include, but are not limited to, your breach of this Agreement, your failure to pay our bills as they become due, your refusal to cooperate with us or follow our advice on a material matter, or any fact or circumstance that would render our continuing representation of you unlawful, unethical or impracticable.

Upon cessation of our active involvement in any particular matter, even if we continue to represent you in other matters, we will have no duty to inform you of future developments, deadlines or changes in the law.

**9.      Disclaimer of Guarantee; Risks.** Nothing in this Agreement should be construed as a promise or guarantee about the outcome of any matter that we are handling on your behalf. Our comments about the outcome of matters pertaining to you are expressions of opinion only. There are risks in filing for bankruptcy, including the possible liquidation or loss of property. You also understand that the bankruptcy law is subject to different interpretations and that there are inherent risks in how Courts will apply various provisions. In a Chapter 11 you cannot dismiss your case without prior Court approval, and the case can be converted to Chapter 7 without your approval. Since approval of a Chapter 11 plan requires the consent of creditors, no guarantees or representations are made as to whether such approval will or can be obtained.

**10.      Entire Agreement.** This letter contains all of the terms of the agreement between us applicable to our representation and may not be modified except by a written agreement signed by both of us. There are no promises, terms, conditions or obligations applicable to our representation hereunder, except as expressly set forth in this

Penelope N. Bach

**B**

BACH LAW OFFICES

Paul M. Bach

Agreement, and the terms hereof supersede any previous oral or written agreements between us with respect to our representation hereunder.

**11.    Effective Date.** Please confirm that this letter accurately reflects our agreement, and that you understand and waive any potential conflicts of interest, by signing the duplicate copy of this Agreement and returning it to us along with your retainer amount stated above. The representation covered by this Agreement commences only upon the receipt by this office of such items.

If you have any questions concerning the provisions of this Agreement, please do not hesitate to call me. We look forward to the privilege of working with you.

Very truly yours,

*Paul M Bach*

*Paul M. Bach, Esq.*

UNDERSTOOD AND AGREED TO:

_____

*Date*

_____

*Date*  3/10/25

6

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re   SASAS Hospitality, LLC

Case No.

Debtor(s)       Chapter   11

# VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                    65

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   March 10, 2025            /s/  Amin Amdani

Amin Amdani/Managing Member
Signer/Title

Affordable Hood Cleaning
9160 W Waterford Square S
Milwaukee, WI 53228

Albany Bank
3400 W. Lawrence Avenue
Chicago, IL 60625

ALE Solutions, Inc.
190 S. 1st Street
Saint Charles, IL 60174

American Hotel Registry
544 Lakeview Pkwy. Ste 300
Vernon Hills, IL 60061

Antolik Hospitality
874 Lakeside Drive
Bartlett, IL 60103

AT&T
208 S Akard St. Ste 2954
Dallas, TX 75202

Automatic Enterances of Wisconsin
1712 Paramount Ct
Waukesha, WI 53186

Backflow Prevention Services
PO Box 8
Brodhead, WI 53520

Bask Development
1375 Remington Rd Ste E
Schaumburg, IL 60173

BEST WESTERN INTERNATIONAL, INC.
6201 N 24th Parkway
Phoenix, AZ 85016

Bradley Peterson
5311 S Howell Ave
Milwaukee, WI 53207

Breakthru Beverage
500 W N Shore Dr
Hartland, WI 53029

Butters-Fetting CO
1669 South 1St St
Milwaukee, WI 53204

City of Milwaukee
200 E. Wells Street, Suite 105
Milwaukee, WI 53202

City of Milwaukee
809 N. Broadway
Milwaukee, WI 53202


City of Milwaukee - Water
841 N. Broadway, 3rd Fl
Milwaukee, WI 53202


City of MIlwaukee (License)
200 E. Wells St., Suite 105
Milwaukee, WI 53202


City of Milwaukee Health Department
841 N. Broadway, 3rd Fl
Milwaukee, WI 53202


Commtrak Corp
17493 Nassau Commons Blvd
Lewes, DE 19958


Comp Tech Technologies
N85W16110 Appleton Ave
Menomonee Falls, WI 53052


Concentra
5500 W. Brown Deer Rd, Suite 400
Milwaukee, WI 53223


CUSA, LLC
1300 Ridenour Blvd NW
Suite 200
Kennesaw, GA 30152


Dairlyland Waffles, LLC
275 W. Wisconsin Ave
Milwaukee, WI 53203


Ecolab
1 Ecolab Place
Saint Paul, MN 55102-2233


Expedia
500 W Madison St Ste 700
Chicago, IL 60661


Financial Pacific Leasing, Inc
3455 S 344th Way Ste 300
Auburn, WA 98001


Golden Malted
4101 William Richardson Dr
South Bend, IN 46628


Gordon Food Service, Inc.
2064 Miller Park Way
Milwaukee, WI 53219

HD Supply
3400 Cumberland Blvd SE
Atlanta, GA 30339


Herb Fitzgerald
13150 W. Glendale Ave
Butler, WI 53007


Horizon Commercial Pool
12900 W. Silver Sprong Dr.
Butler, WI 53007


Huntington
4110 N 76th St
Milwaukee, WI 53222


Image Technology Systems
1615 Dorchester Dr
Plano, TX 75024


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


James Imaging Systems
3375 Intertech Dr
Brookfield, WI 53045


KONE Inc
5801 S. Pennsylvania Ave
Cudahy, WI 53110


Lexyl Travel Technologies, LLC
205 Dature St., 10th Fl
West Palm Beach, FL 33401


Medicare


Orkin Pest Control
4123 E. Center Ave
Portage, MI 49002-9439


Pepsi
2725 E. Kilgore Rd
Kalamazoo, MI 49002


PORT-A-STORE/Giuffre Bros. Cranes, Inc
6635 s 13th Street
Milwaukee, WI 53221


Premium Waters, Inc.
2100 Summer St NE,Ste 200
Minneapolis, MN 55413

Quore
5000 Meridian Blvd, #400
Franklin, TN 37067


Reliable Water Services
520 S 92nd Street
Milwaukee, WI 53214


Reliable Water Services
3315 N. 124th St K
Brookfield, WI 53005


Revenue Recovery Specialists
3564 Avalon Pk Blvd, Suite 195
Orlando, FL 32828


ScentAir Technologies LLC
3810 Shutterfly Rd, Suite 900
Charlotte, NC 28217


Shorts Travel management, Inc.
1203 W Ridgeway Ave
Waterloo, IA 50701


Signature Maker, Inc.
570 Jamison Lane
Hoffman Estates, IL 60169


Spectrum Business
Charter Communications
PO Box 6030
Carol Stream, IL 60197-6300


State of Wisconsin
2135 Rimrock Rd
Madison, WI 53713


Sterling
PO Box 35626
Newark, NJ 07193-5626


The Knot
2 Wisconsin Circle 3rd Flr
Chevy Chase, MD 20815


TK Elevator
3100 Interstate N Cir SE
Atlanta, GA 30339


Travel Incorporated
4355 River Green Pkwy
Duluth, GA 30096


Traveling Teams
30200 Telegraph Rd
Franklin, MI 48025

Travelliance
3280 Peachtree Rd, #2400
Atlanta, GA 30339


UBER
1725 3rd St
San Francisco, CA 94158


VISIT Milwaukee Inc.
648 N. Plankinton Ave, Suite 220
Milwaukee, WI 53203


Visual Matrix
508 W. Lookout Dr, Suite 14
Richardson, TX 75080


WE Energies
231 W. Michigan St
Milwaukee, WI 53203


Wisconsin Department of Revenue
2135 Romrock Rd
Madison, WI 53708


Wolf's Dry Cleaners
1354 N. 7th St
Milwaukee, WI 53205


Yesco Central Wisconsin
N5528 <iranda Wau, Suite 2
Fond Du Lac, WI 54937


Zien, Inc
2303 W. Mill Road
Milwaukee, WI 53209

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re    SASAS Hospitality, LLC                               Case No.                     
                                          Debtor(s)                Chapter    11

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for ___SASAS Hospitality, LLC___ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

☒ None [*Check if applicable*]

| | |
|---|---|
| March 10, 2025 | /s/ Paul M. Bach |
| Date | Paul M. Bach |
| | Signature of Attorney or Litigant |
| | Counsel for   SASAS Hospitality, LLC |
| | Bach Law Offices |
| | P.O. Box 1285 |
| | Northbrook, IL 60065 |
| |  Fax: |
| | paul@bachoffices.com |